IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| VALERIANO TORRES OROZCO,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) | No. CR-F-06-023 OWW<br><br>ORDER DIRECTING VALERIANA TORRES OROZCO TO FILE PLEADING WITHIN 30 DAYS. |
|---|---|---|

On December 11, 2007, Petitioner Valeriano Torres Orozco filed a "Motion for Sentence (Reduction) Adjustment." Petitioner requests that his sentence be reduced by at least five months because his status as a deportable alien makes him ineligible to participate in residential drug abuse program and to receive a half-way house release and because he is suffering from diabetes, depression, anxiety, and high blood pressure.

Petitioner was charged with conspiracy to distribute and possess with intent to distribute methamphetamine and to possession with intent to distribute methamphetamine. Petitioner

pleaded guilty pursuant to a written Plea Agreement (Doc. 26) to conspiring to distribute more than 50 grams of methamphetamine. The Plea Agreement provided in pertinent part:

    2.   <u>Agreements by the Defendant</u>.

    ...

    (d) The defendant agrees and stipulates to request a sentence of not less than 70 months. The defendant will not move for a downward departure or reduction of his sentence beyond that agreed to by the government under the terms of this written plea agreement. Should, however, the government make a motion pursuant to section 5K1.1 of the United States Sentencing Guidelines, the defendant is free to move the Court to agree to such a departure. Other than agreeing to downward departure for substantial assistance (should the government file such a motion), the defendant understands and agrees that this agreement by him includes, but is not limited to, not moving for a downward departure of his offense level, criminal history, criminal history points, as defined by the United States Sentencing Guidelines. The defendant further agrees that he will provide no information to the Court which would justify a downward departure, nor make no [sic] written or oral address to the Court which would suggest to the Court that it is not bound by the plea agreement. When addressing the Court, the defendant will support and request a sentence of at least 70 months.

    ...

    (g) If the defendant's conviction on any of the counts to which he is pleading is ever vacated at the defendant's request, or his sentence is ever reduced at his request, or if the defendant violates the Plea Agreement, he shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including but not limited to perjury, false statements, and obstruction of justice. Because disclosures

pursuant to this Agreement will constitute a waiver of the Fifth Amendment privilege against compulsory self-incrimination, any such prosecution may be premised on statements and/or information provided by the defendant.  The government shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this agreement; and (3) to file any new charges that would otherwise be barred by this agreement.  The decision to pursue any of all of these options will be solely within the discretion of the United States Attorney's Office.  By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy.  In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

If it is determined that the defendant has violated any provision of this Agreement or if the defendant successfully moves to withdraw his plea: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before the grand jury or other tribunal, whether before or after this Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(c)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after the Agreement, or any leads derived therefrom, should be suppressed.  By signing this Agreement, this defendant waives any and all rights in the foregoing respects.

(h) The defendant is aware that Title 18, United States Code, Section 3742 affords a

> defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal his conviction or any sentence (or the manner in which that sentence was determined) which is within the statutory maximum for the crime on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255.

Petitioner was sentenced on February 12, 2007 to 56 months in custody (Docs. 32 and 35). Prior to sentencing, the United States filed under seal a motion for departure under USSG § 5K1.1 (Doc. 34 "SEALED"), requesting a departure from the guideline range to a sentence of 56 months. Petitioner did not file an appeal from his conviction and sentence.

    Petitioner cannot seek a reduction of his sentence pursuant to Rule 35(b), Federal Rules of Criminal Procedure. By its terms, Rule 35 does not apply to Petitioner.

    Arguably Petitioner is seeking to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. As explained in *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir.2000):

> When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion

    **and offers the pro se petitioner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period.**

  **Petitioner is advised that the recharacterization of his pleadings as a motion for relief pursuant to 28 U.S.C. § 2255 has potential adverse consequence to him.  Motions pursuant to Section 2255 are subject to a one-year limitation period.  Any claims for relief based on the conviction or sentence brought after the expiration of that one-year period may be barred unless facts demonstrating equitable tolling are established.  Further, if all claims for relief pursuant to Section 2255 are not brought in a single motion, subsequently asserted claims may be barred as "second or successive" unless prior authorization from the Court of Appeal is obtained.**

  **Petitioner is ordered to file a pleading with the Court within 30 days of the filing date of this Order advising whether or not he consents to the recharacterization of his pleadings as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 or whether he elects to withdraw these pleadings.  If Petitioner elects to withdraw the motion filed on December 11, 2007, Petitioner must file one all-inclusive Section 2255 motion on or before February 21, 2008.[1]  If Petitioner fails to file a pleading either consenting or withdrawing within 30 days of the**

---

[1]**No opinion is expressed whether or to what extent Petitioner may be entitled to relief pursuant to 28 U.S.C. § 2255.**

**filing date of this Order, Petitioner will be deemed to have consented to the recharacterization of the December 11, 2007 motion as a Section 2255 motion and the motion will be resolved by further Order.**

    IT IS SO ORDERED.

**Dated:**   **December 17, 2007**             **/s/ Oliver W. Wanger**
                                                  UNITED STATES DISTRICT JUDGE